Debra Joan ALLEN and Anthony Paul
Allen, husband and wife, Plaintiffs,

v.

G.D. SEARLE & CO., a Delaware
corporation, Defendant.

Donna KEYS, an individual, Plaintiff,

v.

G.D. SEARLE & CO., a corporation,
and Searle Pharmaceuticals, Inc., a
corporation, Defendants.

Civ. Nos. 86–1402–FR, 86–1659–FR.

United States District Court,
D. Oregon.

Nov. 18, 1988.

Thomas J. Conlin, Robins, Kaplan, Miller
& Ciresi, Minneapolis, Minn., Gayle L.
Troutwine, Williams & Troutwine, Port-
land, Or., for plaintiffs.

Timothy A. Pratt, Gregory L. Fowler,
Shook, Hardy & Bacon, Kansas City, Mo.,
Daniel M. Holland, Jaqua, Wheatley, Galla-
gher & Holland, P.C., Eugene, Or., for de-
fendants.

## OPINION

FRYE, District Judge:

The matters before the court are:

1. The motion of defendant G.D. Searle
& Co. (Searle) to compel discovery of the
plaintiffs' sexual histories;

2. The motion of plaintiffs, Debra Joan
Allen, Anthony Paul Allen, and Donna
Keys, for a protective order prohibiting any
further inquiry into their sexual histories;
and

3. The motion of Searle for a protective
order regarding discovery of information
concerning other Copper–7 IUD contracep-
tive (Cu–7) lawsuits against Searle.

## DISCUSSION

Plaintiffs, Debra Joan Allen, Anthony
Paul Allen, and Donna Keys, bring these
actions against Searle to recover for per-
sonal injuries allegedly caused by the Cu–7
contraceptive. Debra Joan Allen and Don-
na Keys allege that their use of the Cu–7
caused pelvic inflammatory disease (PID),
ectopic pregnancies, and subsequent infer-
tility. These actions have been consolidat-

ed for purposes of discovery, but not for trial.

### 1. *Searle's Motion to Compel Discovery of Sexual Histories.*

Searle seeks an order requiring Debra Joan Allen and Keys to respond to discovery regarding their sexual histories on the grounds that such information may reveal causes for their injuries other than the Cu–7.

During Keys' deposition, Searle's counsel attempted to question Keys about her past sexual history to determine whether she could have been exposed to the causative organisms of PID. Keys' counsel instructed her not to answer except for the thirty-day period prior to the onset of her symptoms of PID, the period from February to March, 1980. Searle has not provided a complete list of the questions it wishes to ask, but at the deposition, Searle attempted to ask whether Mr. Keys or her first husband had ever had any sexually transmitted diseases. Searle also attempted to obtain a list of Keys' sexual partners, whether Keys ever had or was tested for a sexually transmitted disease, and the type and frequency of Keys' sexual activity since becoming sexually active.

During the deposition of Debra Joan Allen on February 25, 1988, Allen's counsel instructed her not to answer questions regarding her sexual history. As with Keys, Searle has not provided a complete list of the questions it wishes to ask but indicated at the deposition that it wishes to ask when Debra Joan Allen became sexually active and to discover any exposures that she or her partners may have had to sexually transmitted diseases.

Searle's central argument is that plaintiffs have the burden of proving that their injuries were substantially caused by Searle's product, and that Searle is entitled to discovery information regarding other possible causes of the injuries. Searle has cited medical authorities, including plaintiffs' own designated expert, Dr. Sweet, to the effect that several factors other than IUD's are related to PID, including sexually transmitted diseases, number of sexual partners, frequency of intercourse, and age of first sexual activity.

Searle has indicated that exploration of these factors may require discovery of the sexual histories, not only of Debra Joan Allen and Keys, but of the sexual histories of third parties with whom they had sexual contact, including their husbands. Searle has offered to stipulate to a protective order rendering any discovery of sexual histories (whether of plaintiffs or third parties) confidential.

Plaintiffs respond that the requested discovery is at best only marginally relevant because plaintiffs have provided substantial discovery which contains no evidence of sexually transmitted diseases. Plaintiffs contend that the requested discovery would impermissibly interfere with the privacy rights of plaintiffs and third parties. Finally, plaintiffs contend that the investigation into their sexual histories is an attempt by Searle to harass plaintiffs and to deter plaintiffs and other potential plaintiffs from pursuing claims for injuries caused by the Cu–7.

The court is not satisfied that the discovery provided by plaintiffs thus far is sufficient to show that plaintiffs were not exposed to sexually transmitted diseases which could have caused or contributed to PID. The court accepts Searle's representation that the medical records produced by plaintiffs are not complete for some periods of the plaintiffs' adult lives, and that the records produced refer to vaginal infections and to an elective abortion which occurred during the missing periods. Thus, the court finds that further discovery as to sexually transmitted diseases may lead to relevant evidence.

Plaintiffs do not seriously contend that the number of sexual partners, frequency of sexual activity, and age of first sexual activity are irrelevant to the causation of PID. However, plaintiffs have refused to answer deposition questions on these subjects, contending that there is nothing in these plaintiffs' lives which would make such factors relevant. Searle is not required to rely on the plaintiffs' assurances that there are no potential causes of the

plaintiffs' PID other than Searle's product, but is entitled to discovery sufficient to form its own opinion.

The heart of plaintiffs' argument is that the intrusion into their privacy and the privacy of third parties outweighs Searle's need for discovery of sexual histories. Plaintiffs rely heavily on two decisions of the Court of Appeals which concern admissibility, not discovery, of sexual histories in similar cases. In *Coursen v. A.H. Robins Co.*, 764 F.2d 1329 (9th Cir.1985) (Dalkon Shield litigation), the Ninth Circuit refused to require the exclusion of sexual history evidence, although it noted that such evidence is "potentially highly prejudicial" to a plaintiff. *Id.* at 1340. In *Craig v. A.H. Robins Co.*, 790 F.2d 1 (1st Cir.1986), the First Circuit upheld a district court's refusal to admit sexual history evidence at trial.

█ Implicit in these decisions is the fact that defendants had been allowed to discover the sexual history evidence they sought to admit at trial. The court finds that plaintiffs' privacy rights, although substantial, do not outweigh Searle's right to full discovery in its defense of the lawsuits brought by plaintiffs.[1]

However, the court is concerned about the potential for intrusion on the privacy rights of third parties who are strangers to these lawsuits. *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545 (11th Cir.1985) (in personal injury case against tampon manufacturer, identity of participants in toxic shock syndrome study entitled to protection because study contained private information about sexual activities and personal hygiene). At this time, the court is unwilling to subject such third parties, as yet unidentified, to discovery.

Accordingly, the court grants Searle's motion to compel, in part, as follows: Plaintiffs (including Anthony Paul Allen) must respond to Searle's discovery requests regarding their sexual histories, including request for the names of sexual partners. Searle is to submit a protective order to the court to insure that all information regarding plaintiffs' sexual histories, including

the identity of sexual partners, remains confidential. Searle may not contact third parties identified through sexual history discovery without leave of court. Any motion for discovery directed at such a third party must show cause based on specific facts in the record.

### 2. *Plaintiffs' Motion for a Protective Order.*

For the reasons stated in section 1, plaintiffs' motion for a protective order prohibiting any further inquiry into their sexual histories is denied.

### 3. *Searle's Motion for a Protective Order.*

On March 28, 1988, this court ordered Searle to produce the title pages of depositions in other Cu–7 lawsuits against Searle which covered issues directly related to this lawsuit. (Order dated March 28, 1988, Civil No. 86–1402–FR). On the same date, this court ordered Searle to produce a list of all lawsuits involving the Cu–7 in which Searle was a defendant. (Order dated March 28, 1988, Civil No. 86–1659–FR). Searle now moves for a protective order prohibiting plaintiffs from disclosing or disseminating these documents or the information therein.

█ Searle contends that these documents contain confidential and/or proprietary information, but has not identified information which could be considered confidential or private. To the court's knowledge, the only information contained on deposition title sheets is the caption of the action, the name of the deponent, the name of the reporter, and information regarding the date and place of the deposition. Searle has not shown how disclosure of this information could injure the privacy rights of parties or third party deponents in other actions. As plaintiffs point out, their ability to get copies of the contents of the depositions will depend on whether or not those depositions are subject to a confidentiality order.

1. The court reserves decision on the issue of the admissibility of sexual history evidence at trial.

Likewise, the court does not find that the list of lawsuits in which Searle is a defendant is either proprietary information or work product. Further, although a broad protective order may cover production of such documents in another district, it does not require this court to issue a protective order in these actions as to these particular documents, given the finding that they do not contain confidential or proprietary information. Accordingly, Searle's motion for a protective order is denied.